UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

JOSEPH G. EVANS, JR CASE NO.

Plaintiff,

v.

MSC CRUISES, S.A.,

Defendant.
_____________________/

**ADMIRALTY COMPLAINT**
**(JURY TRIAL)**

PLAINTIFF SUES DEFENDANT AND STATES AT ALL MATERIAL TIMES THE FOLLOWING ALLEGATIONS:

1. This Honorable Court has diversity jurisdiction over this case because Plaintiff is a USA citizen, residing in Boca Raton, Florida, MSC CRUISES, S.A. (hereinafter referred to as MSC) MSC is an Italian citizen and more than$75,000 is in controversy. Also, this Honorable Court has Admiralty jurisdiction pursuant to Federal Statutes 23 U.S.C. 1333, as Plaintiff's claims arose on MSC's ship known as "DIVINA" on navigable waters.

2. This Court is the proper venue for this case because the parties have agreed to litigate this dispute here pursuant to a forum selection clause in the parties subject cruise ticket.

3. Plaintiff has timely filed this lawsuit as well as satisfied all conditions precedent prior to the filing of this lawsuit and/or said precedent conditions have been waived.

4. On June 25, 2016, Plaintiff, aged 78, was a ticketed passenger and boarded the MSC "DIVINA," for his fully paid eight (8) day multi-day pleasure cruise accompanied by his wife Frances.

5. On June 27, 2016, with the ship on navigable waters, Plaintiff stepped into his cabin's shower/tub to take a shower. While taking the shower he realized housekeeping had taken away or failed to leave the rubber safety mat. Being as careful as possible, Plaintiff, with the water running, soaped up his body and then reached to grab the showers safety bar for support to rinse off when in doing so it spontaneously gave way because its screws and hardware pulled out of the wall causing Plaintiff to lose his balance and slip and fall and seriously hurt himself because of these unforeseen hazards and events.

6. That not only is defendant a common carrier of thousands of passengers but is a common carrier of thousands of "older Americans" and retirees and senior citizens and they owe not only a heightened duty of care to these passengers to act reasonably under the circumstances with regard to their safety but for hidden hazards such as those which injured Plaintiff herein, Defendant has a non delegable duty of care for Plaintiff’s safety under the circumstances herein.

7. At no prior time before entering the shower/tub that day did defendant warn or notify Plaintiff they had taken and failed to leave the rubber safety mat in his cabin's bathroom nor at anytime did they warn of any danger or hazard with either the shower handle safety bar being loose, defective or coming off the wall or the shower tub being too slippery

8. That Defendant is the singular and sole party responsible for the cabin, the bath mat, the bathroom, the housekeeping, the tub, shower, shower safety rail and it's screws and hardware and it's installation care and maintenance and therefore knew and or should have know of the preceding allegations which led to Plaintiffs incident and as defendant is the sole party responsible for the care custody maintenance safety of its cabins and its showers and tubs, they further were negligent in failing to provide plaintiff with any warning or notice of any danger or hazard in the use of the shower/tub that date including the failure to provide the safety mat.

## COUNT I NEGLIGENCE

9. Plaintiff hereby give notice that he adopts the preceding paragraphs 1-8 of this Complaint and incorporates them by reference as through set forth hereat in full.

10. Based upon the aforedescribed and incorporated facts, it is long settled admiralty law that defendant MSC owed Plaintiff a duty to at least act reasonably under the circumstances with regard to his safety. (*Kermarec V Compagnie Generale, 358 US 625 1959*) and in fact cruise lines owe its passengers a "high degree of care...." and "the failure of ship-owners to provide such means renders them liable in damages “because that duty is "non-delegable, and that even the slightest negligence renders a carrier liable. *Vierling v Celebrity Cruises, Inc, 339 F 3.d 1309 (11th Cir 2003).*

11. The Defendants MSC breached its aforedescribed duties to plaintiff by:

a. Failing to provide a rubber bath mat for his safety or warn him that no bath mat was available for his safety before he took a shower.

b. Failing to either properly install, maintain or fix or repair the shower safety bar handle that's there just for the very purpose so a passenger such as Plaintiff avoids slipping and falling and severely injuring themselves in the shower as Plaintiff did.

c. Failing to warn Plaintiff there was a danger and or a hazard with the shower safety bar.

d. Failing to properly supervise both its housekeeping and/or its maintenance departments...or failing to properly supervise its crew.

e. Failing to exercise due care for Plaintiffs overall safety.

f. The dangerous conditions exposed plaintiff to a foreseeable zone of risk.

12. Defendant MSC knew about the dangerous conditions or they existed long enough that MSC should have discovered them in exercising due care or with such frequency that MSC was or should have been on notice of them.

13. Alternatively, by its own actions Defendant, MSC created the dangerous conditions

14. As a direct and proximate result of Defendants negligence, Plaintiff has suffered and continues to suffer from June 27, 2016 through the day of trial, bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. Aggravation and/or aggravation of a known and/or unknown pre-existing condition. All of these losses are permanent and continuing in nature and the Plaintiff will continue to suffer these losses into the future in a sum to be determined by a jury of Plaintiffs peers.

15. In addition Plaintiff seeks a full refund of the costs of the cruise; the costs of this suit and prejudgment interest, where applicable.

16. Finally, the conduct of MSC, its employees, and its crew, with regard to Plaintiff's safety under these facts rises to the level of gross negligence or recklessness that warrant an award for Punitive Damages.

GLICK LAW FIRM P.A.
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
Tel: 561-391-0448
Fax: 561-330-3593
bjg@floridainjuryattorneys.com
jennifer@floridainjuryattorneys.com

By: /s/Brian J. Glick, Esq.
Brian J. Glick, Esq.
Florida Bar No. 0045251
Attorneys for Plaintiff